**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL ANGEL LE BELLOT,
              Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
              Agency.

DOCKET NUMBER
AT-0845-14-0987-I-1

DATE: May 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael Angel Le Bellot, Homestead, Florida, pro se.

Roxann Johnson, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his apparent overpayment appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction on the basis that the appellant failed to show either that the Office of Personnel Management (OPM) issued a final appealable decision or that OPM's failure to do so constituted a de facto appealable decision. Initial Appeal File, Tab 6, Initial Decision at 2-3; *see, e.g.*, *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012). The appellant does not challenge this finding on review and we see no reason to disturb it. Thus, the administrative judge correctly dismissed the appeal for lack of jurisdiction.

¶3    Based on documents that the appellant submitted with his petition for review, it appears that the appellant is attempting to challenge a debt allegedly owed to his former employing agency which is being collected from his interim annuity via administrative offset. Petition for Review File, Tab 1 at 4-5, Tab 5. The Board has limited jurisdiction to review whether the former employing agency provided the required due process before having OPM offset a debt against the appellant's interim annuity but only when the issue is integral to the disposition of an otherwise appealable action. *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 6 (2010); *Ramirez v. Department of the Army*, 86 M.S.P.R. 211, ¶ 11 (2000). Because the appellant has not shown jurisdiction over the

underlying appeal, the Board lacks jurisdiction to consider his administrative offset claim.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection

Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.